**BAINUM v MIDLAND ACCEPTANCE CORP**

Ohio Appeals, 1st Dist, Hamilton Co

No 4002.   Decided Jan 18, 1932

S. Rotter, Cincinnati, for plaintiff in error.

Alvin H. Rowe, Cincinnati, for defendant in error.

Had the car on re-sale brought more than the balance due on the note, it would hardly be contended that Bainum could recover the balance.

The effect of the corporation's contention is, that Bainum having refused to tell the corporation where the car was justified it in making a new contract, which it had no intention of carrying out, in order to get possession of the car without legal process, and defend on the ground of no legal obligation. The courts do not approve such procedure.

Moreover, at the time the contract for delivery was made, as heretofore stated, Bainum had an equity in the automobile. Agreeing to voluntarily deliver up the car for the return of the note and mortgage, saved the corporation from any action in court, and cancelled any equity that he may have had in the car. This, we hold, was sufficient consideration to support the new contract.

It being admitted that such contract was made, our conclusion is, that the judgment of the Court of Common Pleas should be reversed, and the judgment of the Municipal Court affirmed.

ROSS, PJ, and CUSHING, J, concur.

HAMILTON, J.

While it is the law that a new agreement does not afford a consideration for the performance of a contract which the party is bound to perform, we do not have that situation here. The mortgage gave the mortgagee the right to take possession of the automobile on default. It must either get possession by voluntary surrender or court action. Bainum had an equity in the car at the time. While the later sale of the car may have developed that equity was valueless, that could not have been known at the time the new contract was made.